IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:06-cr-00018 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BENITIEZ DOMINIQUE COPELAND | ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court is Benitiez Dominique Copeland's motion for a reduced sentence pursuant to Section 404(b) of the First Step Act of 2018, filed by and through counsel. (Dkt. No. 42.) The motion is brief, and it asks the court to rule without a hearing. It simply requests that the court adopt a recently-filed addendum to the Presentence Investigation Report (PSR) and then requests that the court reduce Copeland's sentence "to a sentence of 116 months in prison, to be followed by three years of supervised release." (*Id.*) In the addendum, the United States Probation Office notes that Copeland is eligible for a reduction in sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c)(1)(B). As described in more detail below, the addendum concludes that Copeland's mandatory minimum sentence and applicable guideline range have been reduced as a result of the First Step Act. It points out that, if the court were to impose a new sentence with a downward variance in the same proportion that the sentencing court originally imposed, then his sentence would be reduced from 144 months to 116 months. The United States opposes any reduction, and the court discusses the parties' arguments below. Neither party has requested a hearing, and, as noted, Copeland has expressly waived one.

For the reasons discussed below, the court will grant defendant's motion to reduce sentence. Also pending before the court is the United States' motion to stay (Dkt. No. 46), in which it requests that the court stay the case in order to allow it to review the case further. It has

since filed its amended response (Dkt. No. 48). Accordingly, the motion to stay (Dkt. No. 46) will be denied as moot.

## I. BACKGROUND

Copeland pleaded guilty to the single-count indictment against him, which charged him with distribution of five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dkt. No. 3.) At the time, the statutory penalties for that offense, based on 5 grams or more of cocaine base, were set forth in § 841(b)(1)(B). The offense carried a mandatory minimum sentence of five years and a maximum sentence of forty years, as well as a supervised release term of four years to life. (Presentence Investigation Report (PSR) ¶¶ 52, 55, Dkt. No. 40.)

At sentencing, the court found Copeland responsible for 13.5 grams of cocaine base, resulting in a base offense level of 24. He received a three-level decrease for acceptance of responsibility, resulting in an adjusted offense level of 21. Because he was determined to be a career offender, however, his total offense level was 31. His criminal history category was a VI, resulting in a guideline range of 188 to 235 months. (PSR ¶¶ 9–19, 53.)

At sentencing, the court varied below the guideline range and imposed a sentence of 144 months. That sentence length represented approximately 77% of the bottom of the guideline range. The sentencing judge also imposed a five-year term of supervised release. Copeland did not appeal. He has not previously filed any other motions to reduce his sentence.

## II. DISCUSSION

### A. First Step Act

Copeland seeks relief under Section 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing

courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by statute"). Section 404 allows—but does not require—district courts to reduce the sentence of certain defendants sentenced prior to August 3, 2010, the effective date of the Fair Sentencing Act of 2010. If the court elects to reduce a sentence, it may resentence the defendant as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *See* First Step Act § 404(c).

As the parties agree, Copeland meets all the criteria to be eligible for a reduction under Section 404 of the First Step Act. Specifically, his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant here, Section 2 of the Fair Sentencing Act increased the quantity of cocaine base required to trigger the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(B) from 5 grams to 28 grams.

As charged, Copeland's offense involved 5 or more grams of cocaine base, and the PSR states that he was held responsible for 13.5 grams. (PSR ¶ 9.) If the court were to resentence him as if the Fair Sentencing Act were in effect, he would no longer be subject to the statutory penalties of § 841(b)(1)(B) but would instead be subject to the penalties set forth in § 841(b)(1)(C). Under that provision, Copeland's statutory sentencing range would be 0 to 20 years for a term of imprisonment and the statutory term of supervised release would be 3 years to life.

Copeland's guideline range also has been lowered. Applying the drug quantity guidelines in effect now (and again, because of his career offender status), his base offense level

would be a 32.  After the three-level decrease for acceptance of responsibility, Copeland's total offense level would be 29.  A total offense level of 29 and criminal history category of VI results in an adjusted guideline range of 151 to 188 months.  (*See* Addendum, Dkt. No. 41.)  The Addendum notes that if the court were to grant a variance comparable to the variance at his original sentencing (approximately 77% of the bottom of the adjusted guideline range), the result would be a term of imprisonment of approximately 116 months.

**B.  Parties' Arguments**

As noted, Copeland requests a reduction that is proportional to the variance he received at sentencing.  In its amended response,[1] the United States acknowledges that Copeland is eligible to be considered for a reduction in sentence under the Act.  (Am. Resp. 1, Dkt. No. 48.)  It also points out that the court may consider reducing his term of supervised release to 3 years.

With regard to Copeland's term of imprisonment, however, the United States now argues that no reduction in his term of imprisonment is warranted.  In support of this position, the government notes that his current sentence of 144 months is less than the bottom of the adjusted guideline range.[2]

The government appears to have adopted a policy that proportional variances below the adjusted guideline range should not be granted under the First Step Act except in cases where the original variance or departure was based on a defendant's substantial assistance.  (Am. Resp. 7; *see also* Reply 1–2, Dkt. No. 49 (including that characterization of the government's position).)  According to the United States, granting a variance below the guideline range would give

---

[1] In an original response, the United States stated that, if the court were to grant a reduction, it suggested a modification of his sentence to 116 months, but not less than time served, and three years of supervised release.  (Dkt. No. 44.)

[2] As discussed herein, this is so primarily because the sentencing court varied downward from the guideline range at sentencing, imposing a 144-month sentence when the bottom of the guideline range was 188 months.

4

defendants obtaining relief under the First Step Act benefits that were not afforded to other defendants sentenced after the enactment of the Fair Sentencing Act and granted relief under Amendment 782. This is because courts granting sentence reductions pursuant to Amendment 782 were not permitted—according to the Sentencing Guidelines—to reduce a defendant's sentence below the bottom of the adjusted advisory guideline range, unless the defendant had received the benefit of a substantial assistance motion. U.S.S.G. § 1B1.10(b)(1), (b)(2)(A).

In his written reply, Copeland argues that the United States has not provided a sound basis for denying him a reduction. He argues that the government's position is not based on appropriate sentencing factors or any consideration of Copeland as an individual. Instead, according to Copeland, the government now pursues a blanket policy of asking courts to limit reductions consistent with U.S.S.G. § 1B1.10, despite the fact that "Section 404 of the First Step Act provides no such limitations on the district court." (Reply 2.) Quite simply, Copeland contends that reductions under the First Step Act are different than a retroactive guideline amendment.

## C. Proportional Variances

The court agrees with Copeland that nothing in the First Step Act limits the court's ability to impose a sentence below the adjusted guideline range commensurate with a variance sentence initially imposed, even where the reason for the variance was something other than substantial assistance. Indeed, Congress is presumed to have known of that restriction on guidelines-based reductions and could have included similar language in the text of the First Step Act, but it did not. Nor has the United States cited to any authority imposing such a restriction under the First Step Act. So, to the extent that the government is arguing the court lacks such authority, it is incorrect.

It seems that the government is making a more nuanced argument, though: that the court should not reduce sentences in cases like Copeland's because doing so would create unwarranted sentencing disparities. The court acknowledges that, in considering whether to reduce a sentence under the First Step Act and how much of a reduction to give, the court must consider the factors in 18 U.S.C. § 3553(a), which include avoiding unwarranted sentencing disparities. The United States also is correct that defendants who received the benefit of Amendment 782 could not have received a sentence below the adjusted guidelines sentence except for substantial assistance. *United States v. Flowers*, 670 F. App'x 134, 135 (4th Cir. Nov. 3, 2016) (affirming denial of motion to reduce sentence under Amendment 782 and explaining that "the district court was without authority to resentence [the defendant] below the amended guideline range" "[b]ecause [his] sentence was not reduced to reflect his substantial assistance"); *see also United States v. Muldrow*, 844 F.3d 434, 438 n.3 (4th Cir. 2016) (explaining limitation).

But it does not appear to the court that a person who received the benefit of a Sentencing Guideline amendment would be precluded from seeking relief under the First Step Act. Section 404(c) precludes a court from "entertain[ing] a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010." But those sections deal only with the statutory penalties. Certainly, the government has pointed to no authority that a defendant would be ineligible for relief under the First Step Act solely because he had previously received a sentence reduction based on a guideline amendment.

Moreover, this court has already—with the consent of the United States in some cases—imposed below-guidelines sentences under the First Step Act, even where there was not a substantial assistance departure. So, creating a rule now that the court will not do so could create

6

unwarranted sentencing disparities between defendants whose First Step Act motions were granted earlier, before the United States changed its position on the issue.

Additionally, the court notes that there is always some inherent disparity between defendants when a retroactive change is made, simply based on timing. Some defendants who would have otherwise been eligible for relief and were released immediately preceding the passage of the Act, for example, might argue that they were denied the benefits of the Act.

In short, the court concludes that nothing precludes the court from granting a proportional variance below the adjusted guideline range. Instead, although avoiding unwarranted sentencing disparities is one of the factors the court must consider under 18 U.S.C. § 3553(a), the court concludes that a sentence of 116 months is an appropriate sentence in this case.

In considering those factors, the court notes first that, overall, Copeland's criminal history is not favorable. He began committing crimes at a very young age (11) and continued to do so. His scored adult convictions were all drug charges, either possession or distribution of cocaine, and he committed the first of these when he was only 16 years old.

On the favorable side, though, none of his prior offenses (at least as described in the PSR) involved a firearm, and none of his adult convictions involved violence. Moreover, the court notes that his status as a career offender greatly increased his guideline range, both at the original sentencing and now. Without the career offender status at his original sentencing, he would have had a total offense level of 21 and a criminal history category of V, resulting in a guideline range of 70 to 87 months (PSR ¶ 34.) His career offender status increased that range to 188 to 235 months. The career offender guideline was correctly applied; nonetheless, several factors mitigate against such a significant increase in sentence based on that status.

First, the two predicate offenses were state offenses that involved fairly small amounts of cocaine: 6.56 grams and 13.2 grams of cocaine, respectively. (PSR ¶¶ 25, 27.) While those are certainly beyond any personal use amounts, they are nonetheless not huge amounts.

Second, Copeland committed the second offense mere months before his federal offense, and he was sentenced days before committing his federal offense, after execution of the state sentence had been suspended. This may demonstrate his disrespect for the law, because he continued committing crimes even after being convicted. But the proximity of the offenses also suggests that treating him as a career offender may be an unduly harsh consequence. For example, he was not a defendant who had a lot of time to think about his mistakes in between offenses, and this is not a situation where a defendant commits his second predicate offense, serves a lengthy sentence, and then commits the federal offense, continuing a lengthy pattern of criminal activity. The second predicate offense and the federal offense here occurred relatively close together.

Third, Copeland committed the second predicate offense while he was on probation for the first and, as a result of that probation violation, he was sentenced to six years. Thus, he has already received a significant increase in overall jail time as a result of his commission of the second offense.

Another factor that militates in favor of a reduction is that this offense itself did not involve any violence. Lastly, the United States has not pointed to any fact about Copeland as an individual to argue that the court should deny a comparable below-guidelines sentence.

Given all of these considerations, the court concludes that imposing a sentence within-the adjusted guidelines for this offense would result in a sentence "greater than necessary" to provide just deterrence, promote respect for the law, to punish, and to protect the public. Instead, the

court concludes that 116 months, to be followed by a term of supervised release, will be sufficient to accomplish those purposes. The court also will reduce Copeland's term of supervised release from five years to three years, as the court finds appropriate and as no party opposes.

The court also addresses briefly the government's request that no reduction be made "that will constitute less than time served." (Am. Resp. 7.) Copeland appears to agree in that he requests a a 116-month sentence, "but not less than time served." (Reply 3, Dkt. No. 49.) The court does not believe that the portion in quotations is necessary here;[3] nonetheless, out of an abundance of caution, the court will include it. For the reasons discussed in prior opinions of this court, the court finds that allowing a defendant to "bank" time is inappropriate. *See, e.g.*, *United States v. Laugerre*, No. 5:02-cr-30098, 2019 WL 861417, at *3–*4 (W.D. Va. Feb. 22, 2019).

If this reduction results in his eligibility for immediate release, then the United States requests that the judgment "be stayed up to 10 days to allow the Bureau of Prisons sufficient time to process the defendant's release." (Am. Resp. 1.) The court will grant that request and will stay the effective date of its order for either the time it takes the Bureau of Prisons to process the release of the defendant from custody, or ten days, whichever is less.

### III. CONCLUSION

For the foregoing reasons, this court will modify the defendant's sentence, under the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B), to a term of imprisonment of 116 months or time served, whichever is greater, to be followed by three years of supervised release. The

---

[3] According to the Addendum, which was issued in early February 2019, Copeland had served approximately 92 months of his total 144-month sentence. (Addendum 3.) He was expected to be released, however, in February 2022, which is only about 33 months from now. Thus, a reduction from 144 months to 116 (which is 28 months) should still leave him with some months to serve.

9

remainder of his criminal judgment will remain unchanged.  The effective date of the court's order shall be stayed as set forth above.  An appropriate order will be entered, and the effective date of the court's order shall be stayed as set forth above.

The clerk is directed to provide a copy of this memorandum opinion and the accompanying order to all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered: May 13, 2019.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge